UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JESSICA JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 6:15cv892 |
| CITY OF WHITEHOUSE, TEXAS and | § | |
| CRAIG SHELTON | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff Jessica Johnson, hereinafter called "Plaintiff" and files this Plaintiff's First Amended Complaint complaining of and against Defendants City of Whitehouse, Texas and Craig Shelton, hereinafter called "Defendants", and would respectfully show the Court as follows:

### A. Parties

1. Plaintiff, Jessica Johnson, is an individual who resides in Whitehouse, Texas.

2. Defendant, City of Whitehouse, Texas ("the City") is a municipal corporation which operates the Whitehouse Police Department and is legally responsible for the actions of its employees and police officers. The City was "acting under color of law" at all times. It is located in Smith County, Texas and does business in the Eastern District of Texas. The Defendant, City of Whitehouse, Texas has filed an answer and service is not necessary.

3. Defendant, Craig Shelton, is an individual who is a citizen of Texas and a resident of the Eastern District of Texas. At all times relevant to this lawsuit, the Defendant, Craig Shelton, was acting within the scope and course of his employment as Chief of Police for The City

of Whitehouse, Texas. Craig Shelton was "acting under color of law" at all times. He may be served at 15142 County Road 178, Tyler, Texas 75703. Plaintiff requests service of process by any means authorized by law.

### B. Jurisdiction

4. Count I arises under 42 U.S.C. § 1983 and seek redress for violations of rights guaranteed by the Constitution of the United States and therefore presents a federal question.

5. Count 2 arises under 28 U.S.C. § 1367. The Court has pendent jurisdiction over such claims that arise under the laws of the State of Texas.

### C. Venue

6. Venue is properly placed because the occurrence which is the basis for this lawsuit occurred in the Eastern District of Texas.

### D. Conditions Precedent

7. All conditions necessary for the maintenance of this action have been performed or have occurred.

### E. Factual Background

8. On the 14th day of May, 2015 Plaintiff was married to a police officer, Shawn Johnson. Shawn Johnson was employed by the City of Whitehouse Police Department, which meant that he was under the direct supervision of the Chief of Police, Craig Shelton. She and her husband, Shawn Johnson, had lived in Whitehouse, Texas for seven (7) years. Plaintiff is a school teacher for the New Summerfield Independent School District where she teaches third grade math. Unfortunately, on May 14, 2015, she and her husband were having marital problems and were separated. Jessica and Shawn Johnson had separated five days prior to the incident, and

Shawn had helped her move into her new house.

9. Defendant Shelton was no stranger to either Plaintiff or her husband. They had known each other for a substantial period of time while both Shelton and Shawn Johnson worked for the Smith County Sheriff's Department. Plaintiff was well acquainted with Defendant Shelton and his wife, and on occasions, the two families had social outings. At one time, she had even dated Defendant Shelton's son while they were both in high school.

10. Unfortunately, Plaintiff and her husband's marital problems were well known to Defendant Shelton. On occasions, Defendant Shelton had posed as a friend to both her and her estranged husband and had offered advice and counseling concerning their marital difficulties.

11. Therefore, on the date of the wrongdoing by Defendant Shelton, she was not surprised when Defendant Shelton called her on her cell phone and asked if it was alright if "they came by her apartment". Thinking that by "they" Defendant Shelton was referring to Defendant Shelton and her husband, Shawn Johnson, Plaintiff said it was okay. She was somewhat surprised when instead of Defendant Shelton appearing with her husband Shawn Johnson, he was accompanied by an IT specialist who did work for the City of Whitehouse, Larry Cagle, and the City Manager for the City of Whitehouse, Kevin Huckabee. When she answered her front door, she was confronted by the three men, all of whom were drinking beer. Her eight (8) year old son was present and was sitting on the couch in the living room. As the men entered the apartment, Defendant Shelton stated the purpose of their visit was to "see the new place", which Plaintiff thought was somewhat strange. After everyone had toured her apartment, it appeared that the three men were going to leave, but a sudden rain storm had begun. Cagle waited in the doorway leading to Plaintiff's kitchen and Huckabee was by the front door, both waiting for the rain to

subside. In the meantime, Defendant Shelton had positioned himself in the doorway between the living room and her bedroom, near the door to her bathroom. Shelton began to send her text messages inviting her to come and talk to him. At first, she ignored him. About the time the rain slowed and Huckabee and Cagle appeared about to leave, Shelton sent her a text telling her he had, "information about Shawn". As she approached him to hear what he had to say about Shawn, he stepped into the bathroom and motioned for her to follow him. As she stepped toward him he immediately grabbed the back of her head and buttocks and forcibly tried to kiss her. When she opened her mouth to say, "Don't do this", he stuck his tongue down her throat. His breath reeked of alcohol. He began not only groping her buttocks but also her breasts. She did not want to scream and frighten her eight year old son. As she was finally able to talk, she asked him to free her and he started stroking her hair while telling her she was "so beautiful". She tried to exit the bathroom but as she stepped out into the hall, he shoved her into her bedroom and became even more aggressive groping not only her buttocks but also her genitals while continuing to forcibly kiss her. He even tried to forcibly place her hands on his genitals. Plaintiff continued to desperately beg him to "Stop" and "Please don't do this". She told him what he was doing was wrong. She mentioned his wife and whatever else she could say to free herself from his grasp and his continued assault upon her body, including the most private parts of her body with her young son in the next room. Shelton finally released his hold on her, and as he was beginning to leave made the comment, "Let's keep this between us."

12. After Defendant Shelton, City Manager Huckabee, and Larry Cagle left her home, she waited a few minutes trying to determine what she should do and then called Shawn Johnson and reported to him that Defendant Shelton had forced himself upon her. Unknown to her at the

time, Shawn Johnson alerted other members of the Whitehouse Police Department, including his superiors, which resulted in other persons involved in law enforcement being alerted to the assault on Plaintiff by Defendant Shelton.

13. At all times while the above described conduct of Defendant Shelton was taking place, he was dressed in his police chief's uniform of the City of Whitehouse. His badge was affixed to his belt, and he was carrying his firearm.

14. Almost immediately, after Shelton and his friend left her home, Defendant Shelton began texting Plaintiff using words of apology such as, "Look, really sorry."; "Call me."; "I want to explain."

15. The next thing she knew, Defendant Shelton was back banging on her front door wanting to come inside. About that same time, however, another police officer from the City of Whitehouse, Robert Pearson, saw Shelton driving off after Plaintiff refused to open her door. She later learned that after leaving her premises, Defendant Shelton was confronted by her estranged but enraged husband, Shawn Johnson, on the parking lot of Holloway School.

16. The actions of Defendant Shelton constituted an assault which Plaintiff will never be able to forget. By taking such actions while wearing his badge, uniform and gun, Shelton's actions were an exercise and assertion of his official authority as a commissioned peace officer for the City of Whitehouse.

17. At no time did Plaintiff consent to the gross and vulgar conduct of the Police Chief of Whitehouse, Texas, Craig Shelton.

18. At all times relevant to this lawsuit, Plaintiff alleges that she had a right to be free from an assault by Defendant Shelton, whose violent conduct violated her rights under both the

Fourth and Fourteenth Amendments to the Constitution of the United States. All of the Constitutional rights of the Plaintiff were clearly established in law and in fact at the time of the conduct complained of in this lawsuit.

19. At the time of the crude and vulgar conduct of Defendant Shelton, Defendant Shelton was acting under color of law and authority of the State of Texas and the City of Whitehouse and its police department.

20. The City Manager of the City of Whitehouse, its appointed person who had total control of the day to day operations of the city, including its police department, and the presence of the City Manager of the City of Whitehouse while the vulgar acts were being committed by its police chief was condoned by its City Manager and thus the City of Whitehouse.

21. The City of Whitehouse Police Department had policies and/or customs in existence that enabled police officers to act with deliberate indifference to the constitutional rights of individuals, tolerated misconduct by its officers and encouraged misconduct of its officers by failing to adequately supervise or discipline its officers and by failing to properly investigate and prosecute misconduct by its officers.

22. Kevin Huckabee, the City Manager for the City of Whitehouse on May 14, 2015, was the City of Whitehouse's chief policymaker. He accompanied Defendant Shelton to the home of the Plaintiff, and upon learning of Defendant Shelton's wrongful conduct, took no action whatsoever to discipline Defendant Shelton, thereby condoning Defendant Shelton's wrongful conduct. The City of Whitehouse, through Section 4.01.1 (a) and (b) of its City Charter, has delegated final policymaking authority to the City Manager for supervision of employees, such as Shelton, and exercising control and direction over city departments – including the police

department. At all pertinent times, City Manager Huckabee was the direct supervisor of Shelton. Huckabee's presence and acquiescence in condoning the acts of Shelton constituted an official act of policy of the City of Whitehouse.

F. **Count One: Violation of Constitutional Rights as to the Defendants, City of Whitehouse, Texas and Chief of Police Craig Shelton**

23. Plaintiff realleges paragraphs 1-23 of the Complaint as is set forth at this point in the Complaint verbatim.

24. The actions of Defendants, The City of Whitehouse, and Chief of Police Craig Shelton, violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the Constitution of the United States by violating her right of privacy and her right to be free of assault. Because of the show of authority by Shelton, Plaintiff did not feel free to leave and therefore was detained under the Fourth Amendment. Shelton's actions constituted excessive force and unlawful detention under the Fourth Amendment. Further, Shelton's actions were outrageous and shocking to the conscience of any decent person; thus, his actions deprived Plaintiff of her substantive due process rights to liberty under the 14th Amendment.

G. **Count Two: State Law Claims of Assault**

25. Plaintiff realleges paragraphs 1-23 of the Complaint as set forth at this point in the Complaint verbatim.

26. Plaintiff would show that the acts and conduct of Defendant Craig Shelton constituted assault and battery on the body of Plaintiff, and such actions are a proximate cause of damages to the Plaintiff as will be hereinafter alleged.

### H. **Actual Damages**

27. As a direct and proximate result of Defendant Shelton' sexual assault on Plaintiff's person, she has suffered the following damages:

    a. mental anguish and emotional distress in the past and in the future;

    b. embarrassment and humiliation; and

    c. physical and mental pain and suffering.

### I. **Punitive Damages**

28. Plaintiff claims the acts of Craig Shelton were egregious acts in nature, and under state law Plaintiff is entitled to recover punitive and/or exemplary damages.

### J. **Attorney's Fees**

29. It was necessary for Plaintiff to hire the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988(b).

### **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff asks that the Court issue summons for Defendants to appear and answer, and that the Court sign a final judgment against Defendants and award Plaintiff the following:

    (a) Actual damages within the jurisdictional limits of this Court;

    (b) Pre and post-judgment interest at the maximum rate allowed by law;

    (c) Court costs; and

    (d) All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**Law Offices of Charles H. Clark, P.C.**
604 Woldert
P.O. Box 98
Tyler, Texas   75710
903.593.2514 Telephone
903.595.1294 Facsimile


**/s/ Charles H. Clark**
Charles H. Clark
SBN 04274000
chc@charlesclarklaw.com

**LAW OFFICE OF KEITH MILLER**
100 E. Ferguson, Suite 101
Tyler, Texas      75702
Telephone:   (903) 597-4090
Facsimile:   (903) 597-3692

Keith Miller
SBN:   14093750
keith@5974090.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via ECF on this 12th day of November, 2015.

/s/ Charles H. Clark
Charles H. Clark